IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| WILLIE SAM BIVINS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | CV 318-086 |
| ANTONIO CARSWELL, Warden; LAKIESHA FRANKLIN, Deputy Warden; DEPUTY WARDEN GIVEN; OFFICER JOHN DOE, Unit Manager/Deputy Warden; OFFICER NORRIS; MRS. BRAG, GDC Chief Counsel; MR. WILKERSON, Library Supervisor; and MRS. FRAZIER, GDC ADA Coordinator,[1] | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), Plaintiff's motion for appointment of counsel be **DENIED**, (doc. no. 4), and this action be **DISMISSED** without prejudice.

---

[1] The Court **DIRECTS** the **CLERK** to update Defendant Doe and Frazier's titles in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (Doc. no. 1, p. 5.)

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Bivins v. Dereisbail, No. 13-14561 (11th Cir. Mar. 13, 2014) (dismissing appeal as frivolous); (2) Bivins v. Woods, 1:12-CV-162-WLS (M.D. Ga. Nov. 5, 2012) (dismissed for failure to state

2

a claim); and (3) Bivins v. Concept, Inc., 7:95-CV-612 (N.D. Ala. June. 8, 1995) (dismissed as frivolous); see also Bivins v. Kellogg, 1:18-CV-0148 (M.D. Ga. Dec. 10, 2018) (finding Plaintiff has three strikes under § 1915(g) but satisfied imminent danger exception). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In order to come within the imminent danger exception based on failure to treat a serious medical need, a prisoner must allege a "'total withdrawal of treatment for [his] serious diseases . . . .'" Mitchell, 873 F.3d at 874 (quoting Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

While Plaintiff makes several claims in his forty-seven-page complaint, only the following are arguably relevant to whether Plaintiff satisfies the imminent danger exception.[2] Plaintiff alleges he was diagnosed on February 4, 2018, as "near blind" and prescribed magnified glasses for near-sightedness and far sightedness. (Doc. no. 1, p. 6.) Plaintiff has

---

[2]Additionally, Plaintiff alleges the following: (1) he has been improperly housed in isolated confinement without being provided with a disciplinary report; (2) he has written officials about being reclassified; (3) he has not been allowed to file criminal charges against the inmates who attacked him on August 18, 2018; and (4) prison officials have not processed grievances in a timely manner. (See generally doc. no. 1.)

3

reported to medical twice to receive eyeglasses, but, on both occasions, the strength of the prescription has been incorrect. (Id. at 41.) As a result, Plaintiff has been deprived of access to accommodations such as kiosks, recreation, television, telephone use, games, computers, a giant print dictionary, the library, the law library, and a safe living environment. (Id. at 7, 26.) However, Plaintiff states he has been allowed to use the large screen in the law library, but he still cannot read standard print sizes. (Id. at 40.)

Plaintiff alleges he was stabbed by two inmates and robbed on August 19, 2018, because his lack of eyesight prevented him from being able to protect himself. (Id. at 9-10.) Plaintiff was treated for the attack and had at least one follow-up appointment for his wounds. (Id. at 10, 14-15.) Although a nurse told Plaintiff he should have been taken to the emergency room for his wounds, which are "healing from inside out," (id. at 14-15), Plaintiff does not complain of any complications from the stab wounds. However, Plaintiff alleges he has high blood pressure, dizziness, eczema, and mental health issues because of the attack. (Id. at 15, 24-25.) While Plaintiff states his requests for a psychiatric consult have been denied, Plaintiff is being treated for his mental health issues with Prozac and has been prescribed medication for his eczema. (Id. at 19, 24-25.)

After the attack, Plaintiff was placed in a solitary cell, which does not have a night light. (Id. at 11-12.) As a result of the dark conditions in the cell at night, Plaintiff has hit his head on the top runner of the bunk, fallen and hit his chin, and hit his knees on the toilet, causing cuts and bruises. (Id. at 12, 18.) Plaintiff also states his hand was once slammed in a door because of his poor eyesight. (Id. at 7.) In his memorandum of law, Plaintiff states he

has found himself getting off the floor on a few occasions and "concluded" he must have knocked himself out. (Doc. no. 1-3, pp. 7, 11.)

Plaintiff's allegations do not establish he faces an "imminent danger of serious physical injury." Mitchell, 873 F.3d at 874. First, while Plaintiff's limited access to prison accommodations is undoubtedly unpleasant, he does not allege physical injury may result from the denial. Second, as to the August 18th attack, an allegation of past risk of serious physical injury is insufficient to satisfy the imminent danger exception, Medberry, 185 F.3d at 1193, and Plaintiff does not allege he faces a present or future risk of serious physical injury based on inmate attacks. Indeed, because Plaintiff is now confined in an isolated cell, there is no reason to believe he still faces a risk of serious physical injury from other inmates. Third, Plaintiff does not show he faces a risk of serious physical injury based on his high blood pressure, dizziness eczema, and mental health issues, as he has presented these conditions to medical personnel and is being treated for his mental health issues and eczema. Thus, even assuming these are serious medical diseases, there has been no total denial of medical treatment. Mitchell, 873 F.3d at 874.

Finally, Plaintiff does not satisfy the imminent danger exception based on injuring himself in his cell and having his hand slammed in the door due to his impaired eyesight because he only alleges he has suffered cuts and bruises on these occasions. (Doc. no. 1, pp. 18, 27.) Therefore, these allegations do not satisfy the serious physical injury requirement. Plaintiff also claims he must have knocked himself out in his cell because he has found himself getting off the floor. (Doc. no. 1-3, pp. 7, 11.) However, Plaintiff alleges no details regarding these incidents, including how recently they occurred, whether they continue to

occur, or how he believes they occur. Thus, even assuming Plaintiff is correct the incidents were caused by his visual impairments and constitute a risk of serious physical harm, there is no basis for determining Plaintiff faces an imminent danger of repeated incidents in the future.

Accordingly, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Motion for Appointment of Counsel

Plaintiff also moves for the appointment of counsel, arguing he is incarcerated and his ability to obtain relief will be impaired without counsel. (Doc. no. 4.) As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his filings

with the Court, which includes a complaint exceeding forty pages and approximately 200 pages of exhibits. (Doc. nos. 1, 1-1, 1-2, 1-3.) Therefore, the motion for appointment of counsel should be **DENIED**. (Doc. no. 4.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), Plaintiff's motion for appointment of counsel be **DENIED**, (doc. no. 4), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 18th day of December, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA